Mr. Kenza van Assenderp Counsel for Florida Tax Collectors, Inc. Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. van Assenderp:
On behalf of several county tax collectors you have asked for my opinion on substantially the following question:
May a tax collector, who previously upgraded his or her retirement benefits using personal funds, seek reimbursement for this expense under the provisions of 121.052(5)(c), as amended by section 3, Chapter 97-180, Laws of Florida?
In sum:
A tax collector, who previously purchased additional retirement credits in the Elected State and County Officers' Class with personal funds, may not reimburse himself or herself for this expense utilizing section 121.052(5)(c), Florida Statutes, as amended by section 3, Chapter 97-180, Laws of Florida.
In 1990, statutory provisions of Chapter 121, Florida Statutes, describing the Florida Retirement System, were amended to allow constitutional county officers to participate in the Elected State and County Officers' Class for computation of retirement benefits. Section 8 of Chapter 90-274, Laws of Florida, substantially reworded section 121.052, Florida Statutes, and authorized an elected officer to purchase "at his own expense" additional retirement credit in the Elected State and County Officers' Class for all creditable service for which he had accumulated credit in the retirement system or class within the Florida Retirement System from which he had transferred.[1] The amended version of section 121.052(5)(a), Florida Statutes, provided in part:
"[A]n elected officer, or former elected officer as described [herein], may purchase at his own expense additional retirement credit in the Elected State and County Officers' Class for all creditable service as an officer within the purview of this class, and such other creditable service as authorized hereunder for which he has accumulated credit in the retirement system or class within the Florida Retirement System from which he transfers."
Based on the provisions of this section, several tax collectors took advantage of the opportunity to purchase additional retirement benefits in the Elected Officers' Class and paid for these benefits with personal funds.
During the 1997 legislative session, section 121.052(5)(a), Florida Statutes, was again amended and now reads substantially as follows:
"[A] current or former member of the Elected State and County Officers' Class, or former elected officer who held office after his subclass of the Elected State and County Officers' Class was established, and who opted for membership in a membership class of the Florida Retirement System other than the Elected State and County Officers' Class, may purchase at his or her own expense
additional retirement credit in the Elected State and County Officers' Class for all creditable service as an officer within the purview of this class, and such other creditable service as authorized hereunder for which he or she has accumulated credit in the retirement system or class within the Florida Retirement System from which he or she transfers." (e.s.)
Thus, the statute continues to require these officers to purchase additional retirement credit in the Elected Officers' Class with personal funds.
However, in addition to this amended language, section121.052(5)(c), Florida Statutes, now provides:
"Notwithstanding any provision of this subsection to the contrary, a current or former member of the Elected State and County Officers' Class, or a former elected officer as described in paragraph (a), may elect to claim additional retirement credit in the Elected State and County Officers' Class pursuant to paragraph (a) upon payment of the required contributions and interest due the Florida Retirement System Trust Fund. The current or formeremployer of such officer may elect to pay any portion of the totalrequired employee and employer contributions and interest due onbehalf of such member, provided such payment is made beforeJanuary 1, 1998."[2] (e.s.)
You ask whether this language in section 121.052(5)(c), Florida Statutes (1997), would authorize a tax collector to reimburse himself or herself for personal funds previously used to purchase additional retirement credits in the Elected Officers' Class.
This limited statutory discretion to use public funds to pay for additional retirement credits for current and former members of the Elected State and County Officers' Class does not provide authorization for reimbursement of personal payments that have been made previously. Further, no other provision of Florida law authorizes an elected public officer to use funds of his or her office to secure full reimbursement for an increased retirement benefit which is of a primarily personal nature.
In the event that any officer has mistakenly reimbursed himself or herself for personal purchases of increased retirement benefits relying on the terms of section 121.052(5)(c), Florida Statutes, as amended, those public funds should be repaid to avoid charges that they do not constitute a valid public expenditure. The law continues to authorize the purchase of these additional retirement credits with personal funds as set forth in section 121.052(5)(a), Florida Statutes.
Therefore, it is my opinion that a tax collector, who previously elected to purchase additional retirement credits in the Elected State and County Officers' Class with personal funds, is not entitled to reimbursement for this expense by section121.052(5)(c), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 8, Chapter 90-274, Laws of Florida.
[2] Unlike the earlier version of section 121.052(5)(c), Florida Statutes, the 1997 statute does not apply exclusively to state elected officers but is also applicable to county elected officers. Section 121.052(5)(c), Fla. Stat. (1990), read as follows:
"Notwithstanding any provision of this subsection to the contrary, an elected state officer who purchases additional retirement credit in the Elected State and County Officers' Class pursuant to paragraph (a) during the period from January 1, 1991, to June 30, 1991, shall be required to pay one-half the contributions and interest due the Florida Retirement System Trust Fund, and an equal amount shall be paid by the employer. No contributions shall be paid by the employer on behalf of any elected state officer who purchases such retirement credit after June 30, 1991."